# CIRCUIT COURT OF FAIRFAX COUNTY

Susan L. Haney

v.

Charlotte Willoughby et al.

August 27, 2009

Case No. CL 2007-13252

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on Plaintiff's Application for Appellate Attorney's Fees. Having considered the law and the oral and written arguments of Counsel, the application is denied.

*Background*

This matter originated as a contract action between the parties. After a jury trial, the Court entered final judgment on September 30, 2008. Pursuant to the contract between the parties, the judgment included an award of attorney's fees to the Plaintiff.

Defendants filed their notice appealing the Court's judgment to the Supreme Court of Virginia on October 29, 2008. Because the parties had not employed the services of a court reporter, they spent some time negotiating over the proposed statement of facts. Although the notice of appeal was filed in accordance with Rule 5:9, Defendants ultimately failed to file a petition for appeal within the time permitted by law.

The Clerk of the Supreme Court returned the file to the Circuit Court on April 22, 2009. The case is before the Court on Plaintiff's Application for Appellate Attorney's Fees, filed on January 30, 2009. Final judgments remain "under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no

longer." Rule 1:1. The question before the Court is whether Plaintiff's application falls within the limited exception to Rule 1:1 established by Rule 1:1A.

## Analysis

To the Court's knowledge, the Supreme Court of Virginia has never had occasion to construe Rule 1:1A. The rule provides in pertinent part:

> (a) Notwithstanding any provision of Rule 1:1, in any civil action in which an appeal lies from the Circuit Court to the Supreme Court and a petition for appeal is denied by the Supreme Court (and, if a petition for rehearing has been filed pursuant to Rule 5:20, such petition has been denied), an appellee who has recovered attorneys' fees, costs, or both in the Circuit Court pursuant to a contract, statute or other applicable law may make application in the Circuit Court in which judgment was entered for attorneys' fees, costs, or both incurred on appeal. . . .
>
> (b) Nothing in this Rule shall restrict or prohibit the exercise of any other right or remedy for the recovery of attorneys' fees or costs, by separate suit or action, or otherwise.

There is no dispute that the September 30, 2008, order was a final judgment within the meaning of Rule 1:1. The only question is whether Rule 1:1A has any application to these facts. By its terms, there are three prerequisites to application of the rule: (1) that the action be one from which an appeal lies from the Circuit Court to the Supreme Court, (2) that a petition for appeal be denied by the Supreme Court, and any petition for rehearing also have been denied, and (3) that the applicant have recovered attorneys' fees, costs, or both in the action appealed.

Here, the action is one from which an appeal lies from the Circuit Court to the Supreme Court, and the applicant was awarded attorney's fees in the Circuit Court. However, no petition for appeal was ever filed. No petition having been filed, there was no petition to deny, and hence the second prerequisite to application of the rule has not been met. Accordingly the Court holds that Rule 1:1A's exception to Rule 1:1 is not applicable to these facts, and, pursuant to Rule 1:1, the Court is without authority to grant the relief sought. This holding does not necessarily leave the Plaintiff without a remedy, as recognized by Rule 1:1A(b).

For the Court to hold otherwise would require a finding that the phrase "petition for appeal" in the text of Rule 1:1A is intended by the Supreme Court to indicate not only the "petition for appeal" required by Rule 5:17, but also the "notice of appeal" required by Rule 5:9. The Court declines to make such a finding. Although Plaintiffs arguments are compelling, any modification or expansion of Rule 1:1A ought properly to come from the Supreme Court.

Plaintiff's application is denied.